IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. _____ |
| ANTHONY AND GORDON CONSTRUCTION COMPANY, INC., RICHARD A. JUSTICE, individually, AND CONNIE C. JUSTICE, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR INDEMNITY, DAMAGES
AND INJUNCTIVE RELIEF**

Plaintiff Great American Insurance Company and its existing and/or future affiliates, subsidiaries, divisions, successors, assigns, co-sureties, and/or reinsurers of said entities, by and through counsel, files its Complaint for Indemnity, Damages and Injunctive Relief ("Complaint") against Defendant Anthony and Gordon Construction Company, Inc., Richard A. Justice, individually, and Connie C. Justice, individually (collectively, "Defendants"), stating:

**PARTIES**

1. Plaintiff Great American Insurance Company ("Great American") is a foreign surety company authorized to transact business in the State of Tennessee. Great American is engaged in the business of providing surety bonds in the State of Tennessee.

2. Defendant Anthony and Gordon Construction Company, Inc. ("A&G Construction") is a Tennessee corporation with its principal place of business at 110 Raleigh Rd.,

Oak Ridge, Tennessee. A&G Construction may be served with process by serving its registered agent, Richard A. Justice, at 110 Raleigh Rd., Oak Ridge, Tennessee 37830 or wherever he may be found.

3. Upon information and belief, Defendant Richard A. Justice ("Mr. Justice") is an individual resident of Tennessee residing at 480 Massengill Springs Rd., Oliver Springs, Tennessee 37840.

4. Upon information and belief, Defendant Connie C. Justice ("Ms. Justice") is an individual resident of Tennessee residing at 480 Massengill Springs Rd., Oliver Springs, Tennessee 37840.

## JURISDICTION AND VENUE

5. Jurisdiction and venue in this Court are proper under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## FACTS APPLICABLE TO ALL COUNTS

6. A&G Construction is in the business of construction contracting.

7. In the course of its operations, A&G Construction has entered into agreements for the construction of several projects located in Texas, Virginia, Georgia and Louisiana wherein A&G Construction has agreed to provide labor and materials necessary for the improvement and construction of the following projects (the "Projects"):

    a. Army Reserve Center, Roanoke, VA

    b. OST IUF Facility Pantex Plant, Amarillo, TX

    c. Vehicle Maintenance Shop, Fort Sam Houston, TX

    d. Naval Air Station Army Depot, Aircraft Component Maintenance Facility, Corpus Christi, TX

    e.  Naval Air Station Army Depot, Aircraft Corrosion Company Facility, Corpus Christi, TX

    f.  Red River Army Depot, DDRT Energy Upgrades, Texarkana, TX

    g.  Shreveport Job Corps Center, Shreveport, LA

    h.  CIF Warehouse, Ft Benning, GA

  8.  As partial consideration for Great America issuing the performance and payment bonds for the Projects, Mr. Justice, individually and on behalf of A&G Construction, and Ms. Justice, individually, entered into and executed an Agreement of Indemnity dated October 5, 2011 ("Indemnity Agreement"). A copy of the Indemnity Agreement is attached as Exhibit A.

  9.  Great American, as surety, issued performance bonds and payment bonds for all of the Projects, with A&G Construction as principal, which bonds guarantee performance by A&G Construction on the Projects and provide payment protection for certain subcontractors, materialmen and suppliers on the Projects.

  10.  Pursuant to the terms and conditions of the Indemnity Agreement, Defendants agreed, among other things, to jointly and severally "exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatever kind or nature . . . which the Surety may sustain and incur" by reason of having executed the Bonds, by reason of the failure of the indemnitors to perform or comply with the indemnity agreement or by enforcing any of the terms and conditions of the Indemnity Agreement. See Exhibit A.

  11.  Section 2 of the Indemnity Agreement expressly provides that Great American may demand payment because of the failure of the indemnitors to perform their contracts, or comply with the indemnity agreement, or to enforce any of the terms and conditions of the

Indemnity Agreement "as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made payment therefor." See Exhibit A.

12. Section 2 of the Indemnity Agreement also provides that the amount of said payment to Great American by Defendants "shall be determined by [Great American] and [Great American's] demand for payment hereunder may, at [Great American's] option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with [Great American] by or on behalf of [Defendants]." See Exhibit A.

13. Pursuant to the Indemnity Agreement, Great American shall have "the right to use the payment, or any part thereof, in payment or settlement of any liability, loss or expense for which [Defendants] would be obligated to indemnify [Great American] under the terms of [the Indemnity Agreement]." See Exhibit A, Section 2.

14. Section 2 of the Indemnity Agreement provides that Defendants acknowledge that "failure of [Defendants] to deposit with [Great American], immediately upon demand, the sum demanded by [Great American] as payment shall cause irreparable harm to [Great American] for which [Great American] has no adequate remedy at law." Moreover, Defendants acknowledge and agree that Great American "shall be entitled to injunctive relief for specific performance of any and all obligations of [Defendants] under this Agreement including the obligation to pay [Great American] the sum demanded and hereby waive any claims or defenses to the contrary." See Exhibit A, Section 2.

15. Section 4 of the Indemnity Agreement entitled, "Trust Funds, states:

> Undersigned covenant and agree that all funds received by them, or due or to become due under any contract covered by any Bond are trust funds whether in possession of the Undersigned or another … for the benefit of, payment to or reimbursement of the Surety for any liability, loss or expense the Surety may incur under the Bond(s) or in enforcing this Agreement…[t]he Undersigned shall

> upon demand of the Surety and in implementation of the trust, open an account or separate accounts with a bank designated by Surety, which account(s) shall be designated as a trust account(s) for the deposit of such trust funds and the Undersigned shall deposit therein all monies received pursuant to said contract. Withdrawals from such account(s) shall be by check or other instrument signed by Undersigned and countersigned by a representative of the Surety.

See Exhibit A.

16. Section 13 of the Indemnity Agreement states that Defendants "waive, so far as their respective obligations under this Agreement are concerned, all rights to claim any property, including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any state, territory or possession." See Exhibit A.

17. Section 14 of the Indemnity Agreement provides that Great American has "the right to adjust, settle or compromise any claim, demand, suit, arbitration proceeding or judgment upon the Bonds." Additionally, section 14 of the Indemnity Agreement states that the liability of Defendants to Great American "shall extend to and include all amounts paid by [Great American] under the belief that: (1) [Great American] was or might be liable therefor; or (2) such payments were necessary or advisable to protect any of [Great American's] rights or to avoid or lessen [Great American's] liability or alleged liability." See Exhibit A.

18. The Indemnity Agreement further provides that Great American has "the right to adjust, settle, prosecute, compromise or pursue recovery in connection with any claim, demand, suit, arbitration proceeding or judgment in connection with any contract whether bonded or not, or in connection with any matters that are subject of Paragraph 3 "Assignment" of this Agreement." See Exhibit, Section 14.

19. Great American has received notices of claims against the payment bonds issued by Great American for the Projects, including the following claims against the payment bonds:

|    | Project | Bond # | Claimant | First Tier Claim Amount | Second Tier Claim Amount |
|----|---------|--------|----------|------------------------|--------------------------|
| 1. | Army Reserve Center | 4711879 | International Electric | $191,367 | |
| 2. | DOE Pantex | 1757040 | LA Fuller & Sons | $233,181 | |
| 3. | Vehicle Maintenance Shop | 1146387 | Keystone | $150,290 | |
| | | | International Mechanical | $226,214 | |
| | | | Phil Hunter Construction | $211,770 | |
| | | | Johnson Controls | | $13,349 |
| | | | Speedway Erection Service | $12,885 | |
| | | | RC Data | | Claim Amount Unknown |
| | | | American Direct Procurement, Inc. | Claim Amount Unknown | |
| 4. | Aircraft Component Maintenance Facility | 1756703 | Campbell Instrumentation | $376,417 | |
| | | | Performance Contracting | | $259,578 |
| | | | Garrett Construction Co. | $24,233 | |
| | | | Blackstock Federal Constructors | $193,603 | |
| | | | Hajoca Corporation | | $102,663 |
| | | | Topside Contracting | $105,637 | |
| | | | Diversified Interiors of Amarillo | $79,037 | |
| 5. | Aircraft Corrosion Company Facility | 1775261 | Garrett Construction | $39,256 | |
| | | | Rosendin Electric | $438,782 | |
| | | | Engineered Metals | $462,693 | |
| | | | CBS Rental & Supply | $10,506 | |
| | | | Blackstock Federal Constructors | $2,504,996 | |
| | | | Topside Contracting | $127,180 | |
| 6. | DDRT Energy Upgrades | 3159298 | Johnson Controls | | $44,500 |
| | | | Johnson Controls | $205,925 | |
| | | | Blackstock Federal Constructors | $504,987 | |
| | | | Wholesale Electric Supply | $147,584 | |
| | | | Reliance Mechanical Contractors | $226,250 | |
| 7. | Shreveport Job Corps Center | 4046316 | Vulcan Steel Structures | $12,811 | |
| | | | RVP Construction, Inc. | $260,930 | |
| **TOTAL OPEN CLAIMS FILES** | | | | **$6,746,534** | **$406,741** |

20. Great American has an obligation to pay or will be obligated to pay the claims, if appropriate after investigation, under the terms and conditions of the payment bonds. Great American has incurred and will continue to incur costs and losses as a result of the claims against the payment bonds. Great American has currently and is continuing to expend funds and has incurred and is continuing to incur attorney's fees in connection to the claims filed against the payment bonds.

21. By letter dated July 26, 2016, Great American made demand upon Defendants to deposit with Great American the sum of $3,300,000.00 in cash, other personal or real property or securities acceptable to Great American as collateral security to protect Great American from loss pursuant to the terms and conditions of the Indemnity Agreement. The demand letter was sent to Defendants by certified mail. A copy of the demand letter is attached hereto as Exhibit B. The collateral amount requested in the demand letter was determined by Great American as of the date of said letter. Great American reserves the right to adjust its demand to accurately reflect the losses, damages and expenses Great American incurred and will incur in connection with the payment bonds pursuant to its rights under the Indemnity Agreement.

22. In the demand letter, Great American also demanded that Defendants open an account with a bank designated by Great American for the deposit of all funds received by Defendants as payment for work performed on the Projects as set forth in the Indemnity Agreement.

23. Despite the demand upon Defendants to post collateral as required by the terms of the Indemnity Agreement, Defendants have failed and/or refused to do so. Moreover, Defendants have failed and/or refused to open a joint trust account for the deposit of all funds received by Defendants as set forth in the Indemnity Agreement.

## COUNT I—BREACH OF CONTRACT

24. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

25. Pursuant to the Indemnity Agreement, Great American is entitled to be indemnified by Defendants for any and all amounts expended by Great American on behalf of its principal, and in investigating and resolving the claims filed against the payment bonds at issue.

26. The Indemnity Agreement further provides that Defendants must post collateral, upon demand of Great American, as soon as liability exists or is asserted against Great American, to fully indemnify, hold harmless, and reimburse Great American in the event of a demand and/or claim against the payment bonds issued by Great American.

27. Great American was compelled to retain counsel as a result of Defendants' failure to fully indemnify, hold harmless, and reimburse Great American for any and all losses, costs or expenses which it has incurred and will continue to incur as a result of the claims against the payment bonds. As a result, Great American has currently expended funds and incurred attorney's fees in connection with the claims filed against the payment bonds.

28. Great American, through counsel, made a demand upon Defendants to post collateral to indemnify, hold harmless, and reimburse Great American as well as open an account at a bank designated by Great American for the deposit of all funds received or that may become due under any bonded contracts. Defendants have failed and refused to comply with the terms of the Indemnity Agreement by failing and refusing to do so. As such, Defendants are in default of the Indemnity Agreement.

29. Great American is entitled to have this Court require that Defendants deposit with Great American collateral security to protect Great American from loss pursuant to the terms and

conditions of the Indemnity Agreement as well as reimburse Great American for all expenditures made by Great American in connection to the payment bonds, plus ongoing attorney's fees, consultant's fees, costs and expenses in order to fully indemnify and hold harmless Great American from any and all losses or expenses incurred, as a result of the claims against the payment bonds. Great American is also entitled to have this Court require that the Defendants open and maintain a trust account at a bank designated by Great American and deposit all funds received or funds that become due under any bonded contracts in said trust account.

## COUNT II—CONTRACTUAL INDEMNITY AND EXONERATION

30. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

31. By the terms of the Indemnity Agreement, the defendants agreed, among other things, to exonerate, indemnify and keep indemnified, Great American from and against any and all liabilities, losses and expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, and counsel fees) imposed upon, sustained or incurred by Great American by reason of (1) Great American having executed the Bonds on behalf of A&G Construction; or (2) Defendants' failure to perform or comply with any of the provisions of the Indemnity Agreement.

32. Further, by the terms of the Indemnity Agreement, Defendants agreed that in order to exonerate or indemnify Great American, Defendants shall, upon demand by Great American, place Great American in funds before Great American makes payment for any losses or expenses incurred by Great American.

33. Great American has received numerous claims on the payment bonds purportedly resulting from Defendants' failure to make payment of A&G Construction's obligations on the

Projects. As such, Defendants are in default of their payment obligations for the Projects, thus Defendants are in default of the Indemnity Agreement.

34. In accordance with the Indemnity Agreement, Great American made demand upon Defendants, among other things, to be placed in funds to secure against any and all losses incurred in connection to the payment bonds issued for the Projects. However, Defendants have failed and refused to comply with the terms of the Indemnity Agreement by failing and refusing to reimburse Great American for its losses, costs and expenses which it has incurred as a result of the claims against the payment bonds, and Great American continues to incur losses, costs and expenses as a result of the claims against the payment bonds.

35. By virtue of the Indemnity Agreement, Great American is entitled to receive from the Defendants funds or other security in an amount sufficient to cover its losses or potential losses, plus ongoing attorney's fees, consultant's fees, costs and expenses, in order to fully indemnify and hold harmless Great American from any and all losses or expenses incurred in connection to claims against the payment bonds and pursuing its right of indemnification.

## COUNT III—COMMON LAW INDEMNITY

36. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

37. By virtue of payments made and expenses incurred by Great American in connection with the payment bonds, A&G Construction received valuable benefits equal to at least the amounts expended by Great American.

38. As a result, A&G Construction impliedly agreed to indemnify Great American for all expenditures made.

39. Great American has made demand upon A&G Construction to fulfill its indemnity obligations to Great American, but A&G Construction has failed and refused to do so.

Case 3:16-cv-00490-TAV-CCS   Document 1   Filed 08/05/16   Page 10 of 15   PageID #: 10

40. As a result of A&G Construction's breach of its common law indemnity obligations, Great American has suffered a direct and proximate loss and is entitled to recover from A&G Construction Great American's losses or potential losses, plus ongoing attorney's fees, consultant's fees, costs and expenses, in order to fully indemnify and hold harmless Great American from any and all losses or expenses incurred in connection to claims against the payment bonds and pursuing its right of indemnification.

### COUNT IV—EQUITABLE EXONERATION AND QUIA TIMET

41. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

42. Great American has received numerous claims on the payment bonds purportedly resulting from A&G Construction's failure to make payment of its obligations on the Projects. Therefore, A&G Construction in default of its payment obligations for the Projects.

43. Great American has made demand upon A&G Construction to be placed in funds to sufficiently secure Great American from any loss or damages incurred in connection to the payment bonds. By virtue of the equitable doctrines of exoneration and *quia timet*, Great American is entitled to receive from A&G Construction funds or other security in an amount sufficient to cover its losses or potential losses.

44. Additionally, Great American contends that the assets of A&G Construction is insufficient to adequately secure Great American under the Bonds. Unless the personal assets of the Defendants are provided to Great American, Great American will not be secured for the obligations under the payment bonds and Great American is entitled to be fully reimbursed for losses or potential losses, plus ongoing attorney's fees, consultant's fees, costs and expenses, in connection to claims against the payment bonds and pursuing its right of indemnification.

## COUNT V—SPECIFIC PERFORMANCE

45. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

46. Pursuant to the Indemnity Agreement, Defendants are required to post collateral with Great American, upon demand of Great American, to adequately secure Great American from loss under the payment bonds.

47. Additionally, the Indemnity Agreement provides that, upon demand of Great American, Defendants must set up a trust account and deposit all funds received or funds that become due under any bonded contracts in said trust account.

48. Great American has made demand upon Defendants for Defendants to provide sufficient collateral to secure Great American from loss as well as for Defendants to open a trust account at a bank designated by Great American for the deposit of all funds received or funds that become due under any bonded contracts. Despite Great American's demand, Defendants have failed and/or refused to do so.

49. Defendants are in breach in the Indemnity Agreement, and as such, Great American is entitled to specific performance of Defendants' obligations to (1) provide Great American sufficient collateral to secure Great American from and any all losses in connection to the payment bonds; (2) open and maintain a trust account at a bank designated by Great American; and (3) deposit all funds received or funds that become due under any bonded contracts in said trust account.

## COUNT VI—INJUNCTIVE RELIEF

50. Great American incorporates by reference the foregoing allegations as if set forth fully verbatim herein.

51. The Indemnity Agreement provides that Defendants acknowledge that the failure of Defendants to deposit with Great American immediately upon demand the sum demanded by Great American as payment "shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law." See Exhibit A.

52. Furthermore, the Indemnity Agreement provides that Defendants agree that Great American shall be entitled to injunctive relief. See Exhibit A.

53. This Court must issue a preliminary injunction to prevent Defendants, its agents, employees, and any and all persons acting on their behalf or in concert, from (1) conveying, transferring, impairing or otherwise encumbering assets and property of Defendants, including realty, personalty and mixed, owned by Defendants and property in which Defendants have an interest; and (2) taking any other actions to harm or interfere with Great American's ability to secure adequate collateral as requested herein at the conclusion of this matter.

54. Great American is entitled to a mandatory injunction requiring Defendants to deposit with Great American funds by money, property, or liens or security interests in property, as determined by Great American to protect it from loss on the bonded Projects.

**WHEREFORE, PREMISES CONSIDERED**, Great American respectfully requests judgment against the defendants, jointly and severally, as follows:

A. That process issue and Defendants be served with this complaint;

B. That judgment be entered in favor of Great American in an amount to be proven at trial sufficient to cover its losses or potential losses in connection to claims against the payment bonds and pursuing its right of indemnification, plus attorney's fees, consultant's fees, costs and other expenses incurred by Great American;

C. For an order prohibiting Defendants, its agents, employees, and any and all persons acting on their behalf or in concert, from (1) conveying, transferring, impairing or otherwise encumbering assets and property of Defendants, including realty, personalty and mixed, owned by Defendants and property in which Defendants have an interest; and (2) taking any other actions to harm or interfere with Great American's ability to secure adequate collateral as requested herein at the conclusion of this matter;

D. For an order requiring Defendants to place Great American in funds by money, property, or liens or security interests in property, as determined by Great American to be ample reimbursement for its payment of obligations on the bonded projects;

E. For an order requiring Defendants to open and maintain a trust account under joint control with Great American, at a bank designated by Great American, and deposit all funds received or funds that become due under any bonded contracts in said trust account for the benefit of Great American and all claimants under the payment bonds;

F. For an order granting a lien upon all assets and property, including realty, personalty and mixed, owned by Defendants and property in which Defendants have an interest. Such lien shall secure Great American against any loss that it may sustain or incur by virtue of its having executed the Bonds for Defendants. Such lien shall remain in effect unless and until Great American shall be placed in funds as prayed for in paragraph (F) above;

G. For an order requiring Defendants to indemnify and exonerate Great American for all liabilities, losses and expenses incurred by Great American as a result of Great American having executed the Bonds for Defendants;

H. That Great American be awarded its costs, including all reasonable attorney's fees incurred herein against Defendants;

I. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Robert E. Craddock, Jr.
Robert E. Craddock, Jr. (#005826)
Michael I. Less (#008170) (Admission to be submitted)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Telephone: (901) 537-1000
Facsimile: (901) 537-1010
rcraddock@wyattfirm.com
mless@wyattfirm.com

61527911.3